# Louisville & Nashville R. R. Co. v. Schwaiger.

## Injury to Servant.

(Decided April 16, 1914. 65 South. 32.)

1. *Master and Servant; Injury to Servant; Jury Question.*—The fact that a servant would not have been injured as he was if he had used the ascending, instead of the descending, edge of a grindstone, which was revolving in a trough, does not make him negligent as a matter of law, where there is evidence from which the jury might have concluded that he exercised ordinary care for his own safety in using that edge of the stone.

2. *Same.*—The evidence examined and held to show by the great weight thereof that the injury was the result of an unavoidable accident, and not of a defect in the grindstone.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Frank Schwaiger against the Louisville & Nashville Railroad Company, for injuries suffered by

him while in its employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

GEORGE H. PARKER, and EYSTER & EYSTER, for appellant. The failure of the court to give the charge in writing after being notified and requested to do so constitutes reversible error.—§ 5363, Code 1907; *L. & N. v. Hall*, 91 Ala. 122; 2 nEc. P. & P. 261. There was a safe and dangerous way of doing the work, and the voluntary choice was with the servant, and the master is not liable.—1 LeB. 840; 2 A. & E. Enc. of Law, 97; *L. & N. v. Stutz*, 105 Ala. 368; *L. & N. v. Orr*, 91 Ala. 554.

J. B. BROWN, and A. A. GRIFFITH, for appellee. The court properly sustained demurrers to the pleas.—*Calvert v. L. & N.*, 170 Ala. 565; *Postal T. Co. v. Hulsey*, 132 Ala. 450. It was certainly a question for the jury whether plaintiff was guilty of negligence in his use of the grindstone.—*B. R. L. & P. v. Williams*, 158 Ala. 387. The admonitions of the court to the jury are not required to be in writing.—*Rep. I. & S. Co. v. Passafume*, 61 South. 327.

SAYRE, J.—Plaintiff (appellee) received injuries while grinding a tool, and declared against his employer (appellant) as for a defect in the grindstone he was using at the time, and for the negligence of defendant's superintendent in providing or keeping in use a defective stone. The stone was five feet in diameter, with a grinding edge of ten inches, weighed several thousand *pounds*, was driven by steam or electric power, and revolved in a trough or casing, which covered its lower edge. The stone was new, having been in use for eight or ten days, only, and its grinding edge moved within two or three inches of the upper edge of the  trough.

Plaintiff was using the stone to grind a "sill-jack," which is described as a short iron rod or bolt with a nut on one end of it. He was using the descending edge of the stone, and probably he rested the "sill-jack" upon the edge of the trough. He described the manner of his injury as follows: "I was grinding and holding it up there, with one hand on top and the other hand against it, and it got on one end and was grinding all right, and another fellow came up, and the sill-jack slipped down and took my hand in." As a result, his hand was crushed and mangled. Appellant urges that, in making use of the descending edge of the stone, instead of the ascending edge at the opposite end of the trough, appellee was guilty of contributory negligence which the court ought to declare as a matter of law. It is entirely clear that appellee could not have been injured in the manner described by him had he used the other edge of the stone. But this is not conclusive of the issue, and there are some considerations to be found in the evidence which might have held a jury to the conclusion that appellee exercised ordinary care for his own safety in using the descending edge of the stone. We prefer to rest our conclusion that the verdict was wrong upon another ground. The great weight of the evidence went to show that there was no defect in the stone prior to appellee's hurt, if, indeed, there was any worthy of serious accounting to the contrary. Appellee, testifying in his own behalf, described a defect in the grinding edge of the stone, which he saw after the accident, as being about one-half an inch deep and about three inches across, but he disclaimed any knowledge of the condition of the stone prior to the accident, and it is quite clear, upon all evidence, that the defect of which he spoke was caused at the time of the accident by the "sill-jack" getting jammed in some way between the

stone and the trough in which it revolved. Appellee's
case, then, depended upon the testimony of the witness
Andy Roth. This witness testified that, when he was
using a grindstone five or six days, or maybe two weeks,
before appellee was hurt, he saw a little gap in the side
of the rock. On cross-examination, he said that the
last time he used the stone, it just had a little flat place
in it; he could not tell how long it was; he could feel it
when grinding, but could not see it; could not tell how
deep it was; could not tell whether it was a quarter of
an inch deep. All this he might safely have said of any
grindstone that had been much in use, without raising
a necessary or even a probable inference that there was
such a defect in the stone, having regard to the use to
which it was applied, as rendered it unfit for its pur-
pose when used with reasonable care and caution. "The
mere fact that a machine is dangerous to manipulate,
unless the servant takes certain precautions which any
intelligent man would see to be appropriate under the
circumstances, will not warrant a finding that the ma-
chine is defective within the meaning of the act." It is
enough if the employer furnishes that which is reason-
ably sufficient for the purpose.—5 Labatt, § 1675. But,
aside from this, the stone in question had been recently
brought into use in the shop, where it replaced an old
one, and this witness could not say whether the stone
which had the gap or flat place was the new or the old
one. The sum of the matter is that, if the case were to
be decided on the testimony of plaintiff and his witness,
without any consideration of the testimony of the wit-
nesses for appellant who deposed that there was no de-
fect in the stone previous to the accident in which ap-
pellee received his injury, a finding that appellee was
hurt by reason of a defect in the grindstone would be
the result of a mere speculation. Appellee's injury must,

then, in this state of the evidence, be considered as the result of inevitable accident, against which no reasonable rule of prudence required his employer to take precaution. Appellant took the point by its motion for a new trial that the verdict was contrary to the weight and preponderance of the evidence, and its motion should have been granted.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN, and SOMERVILLE, JJ., concur.

